## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EQUAL EMPLOYMENT )
OPPORTUNITY  COMMISSION, )
)
  Plaintiff, )
)
  and )
)
TOMMY FLEETON, )          CIVIL ACTION NO:
)          1:07-CV-0189-TWT-LTW
  Plaintiff-Intervenor, )
)
v. )
)
SALSON LOGISTICS, INC., )
BRAD MYERS, and )
CHARLES PATTERSON, )
)
  Defendants. )
_____ )

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity

Commission (hereinafter, the "EEOC") against Defendant Salson Logistics, Inc.

(hereinafter the "Defendant")  pursuant to Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. (hereinafter

referred to as "Title VII") and Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981a, to remedy the alleged wrongful employment practices identified in

the Complaint filed in this action, which allegedly occurred at the Salson facility located at 4382 Moreland Avenue, Conley, Georgia, 30288 ("the Salson facility").

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in the foregoing civil action that the Defendant acted unlawfully by retaliating against Tommy Fleeton in violation of Title VII. In its Complaint, the Commission sought make whole-relief including, but not limited to, compensatory damages, punitive damages, injunctive and other affirmative relief. The Defendant filed its Answer denying the allegations made by the Commission. Defendant further denied that it was Fleeton's employer, alleging instead that TPS of South Florida, Inc. (hereinafter "TPS") was Fleeton's true employer. The EEOC filed a motion to amend the complaint to add TPS as a party. As of the date of this Decree, the Court has not yet ruled upon the EEOC's motion. All of the parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate a plan to be embodied in a Consent Decree which will promote and effectuate the purposes of Title VII.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this

2

Consent Decree as one which will promote and effectuate the purposes of Title VII.

Now, therefore, this Court, being fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED:

## I.  DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree, and the undertakings made by Defendant hereunder, are in settlement and compromise of disputed claims of retaliation in violation of Title VII, the validity of which Defendant denies.  Neither the negotiation, execution nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by the Defendant that its officers, agents or employees have violated or have not been in compliance with Title VII or any rules and regulations issued under or pursuant to Title VII or any other applicable law, regulation or order.

## II.  NON-DISCRIMINATION AND NON-RETALIATION

Defendant is enjoined from discriminating against any employee or affected group member, whether employed by Defendant or TPS, at the Salson facility in any aspect of employment and shall not retaliate against any person because that

3

person is a beneficiary of the Consent Decree, or has provided information or assistance, or has participated in any other manner in any investigation or proceeding relating to this Consent Decree.

Defendant, to ensure equal opportunity in the employment process at the Salson facility, shall make all decisions affecting hiring, promotion, compensation, job assignment, sick and disability leave, discharge, and other terms, conditions, and privileges of employment, without regard to race, color, sex, pregnancy, religion, or national origin.  The Defendant shall not retaliate or take any materially adverse action against any persons employed by Defendant or TPS at the Salson facility because of their opposition to practices they believe are in violation of Title VII or because of their participation in the investigation of the charge or prosecution of this litigation.

### III.  NOTICES TO BE POSTED: INSTRUCTION TO MANAGEMENT

Defendant shall keep posted at the Salson facility the notice required to be posted pursuant to Section 711 of Title VII, and, for at least twenty-four (24) months immediately following the entry of this Decree, shall also keep conspicuously posted at the Salson facility a copy of the Notice attached to this Decree.  Within forty-five (45) days from the entry of this decree, Defendant shall

instruct the management and supervisory personnel employed at the Salson facility, whether by Defendant or TPS, regarding the full meaning of those notices and this Consent Decree. The posting required by this paragraph shall be conspicuously made on bulletin boards or locations at the Salson facility selected so that each employee at the facility will observe at least one such posting when at the facility. Defendant shall certify the completion of the posting and instruction to the Commission within forty-five (45) days from the entry of this Consent Decree. All written certifications required by this Section shall be addressed to Robert Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia, 30303.

Defendant shall not withhold the right of the Commission to enter upon the Salson facility, with reasonable notice, to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendant shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified.

## IV. INSTRUCTION TO MANAGEMENT

Within forty-five (45) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel

5

who are currently employed at the Salson facility, whether by Defendant or TPS, have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII.  All written certifications required by this Section shall be addressed to the Regional Attorney at the EEOC's Atlanta District Office at the above-referenced address.

## V. REPORTING REQUIREMENT

For the duration of the term of this Decree, Defendant agrees that any complaint arising at the Salson facility, and brought to the attention of management at the Salson facility by any employee(s) against any other employee(s) or manager(s), whether an employee or manager of Defendant or TPS, alleging retaliation shall be reported to the Regional Attorney in the Atlanta District Office. Every twelve (12) months for the duration of this Consent Decree, Defendant shall certify, in affidavit form, a summary report to the Regional Attorney specifying whether any employee of Defendant or TPS has complained of retaliation.  If an employee has so complained, then the summary report shall state in written

6

affidavit form the following:

(a) The date of the complaint or report,

(b) The name of the person making the complaint or report,

(c) The name and title of the person against whom the complaint or report was made,

(d) The nature of the complaint or report,

(e) The name and title of the Defendant's official who learned of the complaint or report,

(f) What, if any, action was taken by Defendant in response to the complaint or report (e.g. employee discipline), and

(g) A detailed narrative of how the complaint or report was resolved by Defendant.

The report should be addressed to the Regional Attorney in the EEOC's Atlanta District Office at the above-referenced address.

## VI. CHARGING PARTY'S INDIVIDUAL RELIEF: MONETARY RELIEF

Defendant, in settlement of all alleged claims, shall provide to Charging Party Tommy Fleeton as follows:

❖ Defendant will pay Fleeton the sum of Fifty Seven Thousand Five Hundred Dollars ($57,500.00) (the "Settlement Monies").  This payment shall be split into two equal installments of $28,750.

❖ The first installment of $28,750 shall be sent to Fleeton's counsel within two (2) business days after expiration of the Revocation Period, as described Settlement Agreement entered between Salson and Fleeton.

❖ The second installment of $28,750 will be sent to Fleeton's counsel by January 15, 2008.

A copy of any check(s) to Mr. Fleeton or his attorneys will be mailed within five working days of their initial mailing to Robert Dawkins, Regional Attorney in the EEOC Atlanta District Office, whose address is 100 Alabama Street, Suite 4R30, Atlanta, Georgia, 30303.

## VII.    TRAINING

Defendant shall, in an appropriate location, hold a training session for all managers and supervisory personnel employed at the Salson facility, whether employed by Defendant or TPS, the cost of which is to be borne by Defendant. Said training session shall address the Defendant's and employees' equal

employment opportunity obligations pursuant to Title VII, including, but not limited to, Defendant's obligation not to retaliate against any persons employed at the Salson facility by Defendant or TPS in violation of Title VII. The above referenced training shall be completed within sixty (60) days of the Court's entry of this Consent Decree.  On or before that date, Defendant shall certify to the Regional Attorney that such training has been completed.

Defendant shall notify the EEOC at least five (5) days in advance regarding the date(s) and time(s) the training contemplated by this Section VII will be accomplished.  Defendant shall provide written certification to the EEOC of training completed pursuant to this Section VII within thirty (30) days following completion of training. The certification shall include the names and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training.  If written training materials are utilized, the Commission shall be supplied with a copy prior to the training.

## VIII.  PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before

seeking enforcement through the judicial process.  The Commission will notify

Defendant in writing by certified mail to Mr. Anthony Berritto, 888 Doremus

Avenue, Newark, NJ  07114, if it has any reason to believe that any action or

omission by Defendant is in violation of the Consent Decree.  Defendant shall have

thirty (30) days after the receipt of such notification to cure any such alleged

deficiency, and to notify the Commission, by written report addressed to the

Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to

cure the alleged deficiencies.  If upon receipt of Defendant's report the

Commission concludes that the deficiency has not been satisfactorily cured by the

Defendant, the Commission shall seek to resolve the alleged deficiency through

good faith conciliation or mediation.  If the alleged deficiency is not resolved

within thirty (30) days after the initiation of such good faith conciliation or

mediation process, then the Commission may seek enforcement of this Consent

Decree through the judicial process.  Notwithstanding any of the foregoing,

nothing in this agreement shall be deemed to prohibit any matter which occurred

during the term of this Decree and which constitutes a dispute as contemplated by

Section VIII from being fully and completely processed in the manner described in

Section VIII, even though the dispute is not resolved within thirty (30) days of the

termination of this Decree.

## IX. COMPLIANCE OFFICIAL

Mr. Anthony Berritto, 888 Doremus Avenue, Newark, NJ 07114, shall be responsible for compliance with this Consent Decree, and shall also be responsible for coordinating and overseeing Defendant's compliance with this Consent Decree.

## X.  TERMS OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree.  If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for twenty-four (24) calendar months from the date of entry of

this Consent Decree, unless the Court acts or the EEOC has, prior to the expiration of said twenty-four (24) month period, moved to enforce compliance with the Consent Decree.  If this Court acts or the EEOC has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the twenty-four (24)  month period have been resolved.  Therefore, this Court shall retain jurisdiction over this action as described above and shall dismiss this cause with prejudice in accordance with Court procedures.

## XI.  OTHER ACTIONS

The EEOC shall not commence or prosecute against Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arise out of EEOC Charge Number 110-2006-00217, the EEOC's investigation of the charge, or this lawsuit.  This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant in accordance with standard EEOC procedures, and to commence civil actions pursuant to Section 706(f) of Title VII on any such charge. Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as

12

amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto.  Nothing herein shall preclude the EEOC from bringing an action to enforce the provisions of this Consent Decree.

## XII.  COSTS AND ATTORNEY FEES

The EEOC and Defendant shall each bear their own respective costs and attorneys fees for this action.

The parties hereto and undersigned attorneys of record for the EEOC and Defendant in the above-styled action hereby consent to the entry of the foregoing Consent Decree.


**BY CONSENT**


Counsel for Plaintiff:                           s/Robert Dawkins
                                                 Robert Dawkins
                                                 Regional Attorney
                                                 Georgia Bar No. 076206

                                                 EEOC - ATLANTA DISTRICT
                                                 OFFICE
                                                 100 Alabama Street, SW

Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818 - phone
(404) 562-6905 - fax

Defendant:                          Salson Logistics, Inc.


Counsel for Defendant:              s/Gregory J. Hare
                                    Georgia Bar No.: 326020

                                    OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.
                                    600 Peachtree Street, NE
                                    Suite 2100
                                    Atlanta, GA 30308
                                    Phone: (404) 881-1300
                                    Fax: (404) 870-1732
                                    greg.hare@ogletreedeakins.com




                                                        2008
APPROVED, DONE, and SIGNED this  4th day of  January      , 2007.



                    /s/Thomas W. Thrash
                    Judge Thomas W. Thrash
                    U.S. District Court Judge
                    U.S. District Court
                    Northern District of Georgia, Atlanta Division


14

# **N O T I C E**

1.  This notice to all employees of Salson Logistics, Inc. ("Salson") and TPS of South Florida, Inc. ("TPS") is being posted as part of the remedy agreed to between Salson and the Equal Employment Opportunity Commission ("EEOC"), in a consent decree filed in the United States Federal District Court, Atlanta, Georgia (Case No. 1:07-CV-0189-TWT-LTW).

2.  Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3.  Salson and TPS support and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

4.  Salson and TPS have taken and will continue such remedial action as is required by the consent order entered by the United States District Court.

5.  This notice will remain posted for twenty-four (24) months, until November 2009.

Signed this __15th__ day of November, 2007.

_____          _____
Anthony Berritto, President                          Anthony Berritto, President
On Behalf of Salson Logistics, Inc.              On Behalf of TPS of South Florida, Inc.